DORIS J. HANSON, Secretary Department of Administration
You advise that the state is redesigning its central accounting system in accordance with Generally Accepted Accounting Principles ("GAAP"), a significant aspect of which is the reporting of information on the accrual or modified accrual basis as opposed to the reporting of information on the cash or modified cash basis. You anticipate, as a result of accruing expenses that are presently not accrued, that "the State will identify a net increase in liabilities in the general fund that are unfunded in the budget," i.e., that the state will have a deficit. You ask whether article VIII, section 5 of the Wisconsin Constitution "would require the creation of new revenues or a reduction in spending to cover the additional liabilities shown . . . ." In my opinion, article VIII, section 5 of the Wisconsin Constitution would not require either a tax increase or spending cuts, irrespective of the fact that the state's financial reports might show a deficit, because the constitution does not require the state to follow accrual basis accounting.
Article VIII, section 5 of the Wisconsin Constitution provides:
 The legislature shall provide for an annual tax sufficient to defray the estimated expenses of the state for each year: and whenever the expenses of any year shall exceed the income, the *Page 203 
legislature shall provide for levying a tax for the ensuing year, sufficient, with other sources of income, to pay the deficiency as well as the estimated expenses of such ensuing year.
The words of the constitution must be interpreted in the "`sense most obvious to the common understanding at the time of its adoption . . . .'" Payne v. Racine, 217 Wis. 550, 555,259 N.W. 437 (1935). The movement among states and local governments toward reporting their finances according to GAAP is a relatively recent one. Goading, Municipal Finance: Searching for Standardsin Governmental Accounting and Financial Disclosure, 55 Tul. L. Rev. 821 (1981); see Governmental Accounting Standards Board (GASB) Statement No. 1, Authoritative Status of NCGAPronouncements and AICPA Industry Audit Guide (1984); National Council on Governmental Accounting Statement No. 1, GovernmentalAccounting and Financial Reporting Principles ("NCGA Statement 1") (1979). It would be unreasonable to construe the constitution, adopted in 1848, to require the use of GAAP accounting principles. The constitution does not prescribe any particular method of accounting; in fact it does not even require the preparation of a budget. Thus, the fact that analyzing the state's financial condition according to any particular principles of accounting, e.g., the accrual basis mandated under GAAP, would report a deficit (or a surplus) would be of no constitutional significance. What the constitution requires, simply, is that the Legislature plan in such a way as to insure that on an annual basis, revenues are sufficient to defray the state's expenses.
In State ex rel. Owen v. Donald, 160 Wis. 21, 122, 151 N.W. 331
(1915), the court summarized the constitutional framers' vision of Wisconsin government and concluded with the following:
 They then vitalized the entirety by a plan for creating and circulating the necessary life blood for the particular state purposes in view, all on a basis of uniformity and equality and with well defined restrictions as to anticipating future resources, except in case of extraordinary occasions, to a small amount. Estimated expense, year by year, to carry on the government according to the constitutional plan was the ruling thought. It was provided:
 "The legislature shall provide an annual tax sufficient to defray the estimated expenses of the state for each year; and whenever the expenses of any year shall exceed the income the legislature shall provide for levying a tax for the ensuing year, sufficient, with other *Page 204 sources of income, to pay the deficiency as well as the estimated expenses of such ensuing year."
 Thus the constitution plainly contemplates legislative action to determine the sufficiency of income each year to cover the regular expenses until the next opportunity for such action, and for a legislative levy of a tax therefor and to make up any deficiency for the preceding year. Nothing in that field was left to administrative officers, but merely to administer. That is plain.
Earlier in the opinion the court indirectly referred to article VIII, section 5 of the Wisconsin Constitution as providing "for an annual accumulation of money sufficient to defray the cost, denominated `expenses of the state,' of all legitimate state activities."Owen, 160 Wis. at 84.
In Chicago N.W. R. Co. v. The State, 128 Wis. 553, 633-35.108 N.W. 557 (1906), the court discussed the operation of article VIII, section 5 of the Wisconsin Constitution in connection with section 2 of the same article, which covers appropriations:
 The common way of laying taxes, state and national, is to provide for an annual tax sufficient to meet the annual expenses, having regard to the experience of the past and the probabilities of the future, and to appropriate from the fund so accumulated, or to be paid therefrom when accumulated, such sums as seem for the fiscal year necessary for the particular purposes. The raising of the revenue is one thing the appropriation of the money to proper public purposes is another. The last is covered by sec. 2 of art. VIII, "No money shall be paid out of the treasury except in pursuance of an appropriation by law." Taking the two together it will be seen that one section provides for accumulating the public fund out of which appropriations for public purposes may be made; the other provides for devoting the same to the specific public purposes.
. . . .
 It will not do to set up a judicial standard as to the best method of determining the amount of money to be raised by taxation and of framing laws to put the taxing machinery in motion to that end. Probably the annual budget method is the most businesslike way, both with reference to the amount to be raised by taxation and the division thereof to the particular public purposes. But the constitution leaves the way open for the *Page 205 
legislature to exercise the widest discretion in that matter. It can proceed by various forms of taxation for raising public revenue, all or most of which may leave the amount that will be produced thereby some what indefinite, so long as the legislative idea is an annual income sufficient for the annual needs . . . .
As I understand the proposed accounting changes, the state would move from a "modified cash basis" to the accrual basis or modified accrual basis, as required by GAAP.
 Under the cash basis of accounting, revenues and transfers in are not recorded in the accounts until cash is received, and expenditures or expenses (as appropriate) and transfers out are recorded only when cash is disbursed. Under the accrual basis of accounting, most transactions are recorded when they occur, regardless of when cash is received or disbursed. Items not practicably measurable until cash is received or disbursed are accounted for at that time in both commercial and governmental accounting, as may be items whose measurement would be approximately the same under either basis or which are immaterial.
 The accrual basis is the superior method of accounting for the economic resources of any organization. It results in accounting measurements based on the substance of transactions and events, rather than merely when cash is received or disbursed, and thus enhances their relevance, neutrality, timeliness, completeness, and comparability. Accordingly, the Council recommends use of the accrual basis to the fullest extent practicable in the government environment. The accrual basis is necessarily applied somewhat differently in the proprietary funds (accrual basis) than in the governmental funds (modified accrual basis), however. The cash basis of accounting is not appropriate.
NCGA Statement 1 at 11. By accruing more revenues and expenses than is done presently, the state's books will show a deficit. Since the constitution does not require the accrual basis of accounting, the deficit produced under GAAP will not violate the constitution.
NCGA Statement 1 recognizes that cash basis accounting may be required in certain states and suggests separate reporting under GAAP and under legal requirements. NCGA Statement 1 at 5 and 13. Whether or not the Department of Administration chooses to, or is required by the Legislature to, report separately, a reported deficit under GAAP will not present constitutional problems as *Page 206 
long as the Department is satisfied that the budget is balanced in accordance with statutory requirements.
BCL:ESM